```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT
```

United States of America,            :
      Plaintiff                    :
                                                  :
   v.                                :   File No. 1:03-cr-00035-jgm-1
                                                  :
Andrew F. Capoccia,                  :
      Defendant.                    :
                                                  :
_____      :

<u>DECISION AND ORDER ON DEFENDANT'S MOTIONS TO DISMISS
   VARIOUS COUNTS OF SECOND SUPERSEDING INDICTMENT</u>
      (Docs. 544, 557, 559, 563, 565, 567, 569,
                570, 574, 575, and 578.)

    Mr. Capoccia, whose conviction has been affirmed and who now faces re-sentencing, has pending eleven Federal Rule of Criminal Procedure 12(b)(3) motions to dismiss various counts of the Second Superseding Indictment ("SSI").  Of these *pro se* motions, seven challenge counts charging interstate transportation of stolen property ("ITSP") in violation of 18 U.S.C. §§ 2314 & 2, namely Counts One, Three[1], and Thirteen of the SSI; and an eighth motion challenges Count Nineteen, which seeks forfeiture based on violations alleged in Count One. (<u>See</u> Docs. 544, 557, 563, 567, 570, 574, 575, and 578.)  The remaining three motions challenge Counts Two, Five, Seven, Twenty One and Twenty Two of the indictment, charging conspiracy, wire fraud, and forfeiture based on ITSP and receipt of stolen property violations.  (Docs. 559,

---

[1] The motion challenging Count Three also challenges Count Four, which charges receipt of stolen property in violation of 18 U.S.C. §§ 2315 & 3.

565, 569.)  For the reasons that follow, these motions are denied.

The "mandate rule" under the law-of-the-case doctrine "requires a trial court to follow an appellate court's previous ruling on an issue in the same case." United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002).  The Second Circuit has already rejected, in a decision issued November 30, 2009, Mr. Capoccia's arguments that the SSI's ITSP counts fail to allege interstate transfers because the transfers were in fact intrastate, on grounds that these counts were not facially insufficient.  United States v. Capoccia, 354 F. App'x 522, 524 (2d Cir. 2009) (remanding for de novo re-sentencing because the panel held two counts of conviction should be dismissed, but rejecting Capoccia's other challenges to the indictment).  That panel also rejected as "without merit" Mr. Capoccia's argument that language throughout the indictment, describing a "scheme" to convert unearned retainer fees to his personal benefit, rendered the ITSP counts facially defective.  Id.  Here, the eight pending motions challenging ITSP and ITSP forfeiture counts assert arguments already rejected by the Second Circuit, and therefore the motions challenging those counts on the same grounds are denied.  Re-litigation of these issues is foreclosed by the law-of-the-case doctrine.  Quintieri, 306 F.3d at 1225.

Mr. Capoccia's three remaining motions, and any challenges raised in the eight motions above to ITSP and non-ITSP counts which the Second Circuit has not yet considered, are disposed of as follows:

Mr. Capoccia challenges the facial sufficiency of Count Two, which charges a conspiracy under 18 U.S.C. § 371, on two grounds. (Doc. 565.)  First, he claims Count Two fails to allege defendants "defrauded the United States or an agency;" second, he claims the count fails to allege an agreement.  Id.  Both arguments fail.

Count Two does not purport to charge Mr. Capoccia under the second prong of the statute, for conspiracy to defraud the United States, but rather charges him under the first prong, for "offenses against the United States" by conspiring to commit mail and wire fraud, and interstate transportation and receipt of stolen money.  (See SSI, Doc. 121 at 21.)  It therefore sufficiently alleges the "object" element of a conspiracy.  Count Two also explicitly alleges Mr. Capoccia "conspired and agreed" to commit four offenses against the United States.  Id.  This recitation is sufficient to allege the "agreement" element of conspiracy.  See United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002) ("[A]n indictment need do little more than to track the language of the statute charged" and is sufficient if it "contains the elements of the offense charged.").  Mr. Capoccia's

motion to dismiss the conspiracy count, Doc. 565, is therefore denied.

Mr. Capoccia challenges Count Four, which charges receipt of stolen funds in violation of 18 U.S.C. §§ 2315 & 2, because it refers to a "scheme," where the statute does not criminalize schemes, and for lack of venue in Vermont.  (See Doc. 563 (which also challenges Count Three).)  First, the Second Circuit's November 30, 2009 decision, which reasoned that references to a "scheme" in the ITSP counts do not render the indictment facially invalid, disposes of this challenge to Count Four as well. Second, the venue challenge has no merit because Count Four specifically charges the criminal activity occurred "in the District of Vermont and elsewhere."  (See SSI, Doc. 121 at 26.)

Capoccia's Motion to Dismiss Count One argues the interstate transportation of stolen money charge should also be dismissed "for improper venue in the state and district of Vermont."  (Doc. 557-2 at 1, Capoccia's Affirmation.) Count One, like Count Four, recites that the criminal activity occurred "in the District of Vermont and elsewhere" and therefore this ground for dismissing Count One fails.

Mr. Capoccia moves to dismiss Counts Five and Seven, two wire fraud counts.  (Doc. 559.)  He argues the alleged interstate facsimiles regarding transfers between bank accounts do not provide the jurisdictional hook for wire fraud and that venue for

these counts was inappropriate in Vermont.  However, the SSI's allegations that the faxes "authorizing and enabling" the overdrafts moved across state lines is facially sufficient to provide the jurisdictional nexus.  Furthermore, the indictment recites that the criminal conduct in both counts occurred "in the District of Vermont and elsewhere," and particularizes the interstate faxes providing venue.  Therefore the motion to dismiss Counts Five and Seven, Doc. 559, is denied.

Mr. Capoccia challenges forfeiture Counts Twenty One and Twenty Two, which seek the proceeds of violations described in Counts Three and Four on grounds the forfeiture counts refer to Count Three and Four violations as a "conspiracy."  (Doc. 569.)  The Second Circuit's November 30, 2009 decision held that while "[v]arious portions of the indictment purport to describe defendant's 'scheme,'" the SSI does not charge a scheme for counts other than the conspiracy count, and in any case, this language does "not render the indictment facially defective." Capoccia, 354 F. App'x at 524.  The panel noted references to a "scheme" merely reflected the government's theory that Mr. Capoccia's various offenses "were part of a pattern of misconduct."  Id.  The forfeiture counts' mere reference to this same pattern of misconduct as a "conspiracy" similarly fails to render the indictment facially defective.

To the extent any of Capoccia's motions challenge the SSI on grounds other than its facial insufficiency or the Court's lack of jurisdiction, those arguments are untimely and have been waived.  See Fed. R. Crim. P. 12(b)(3).

Therefore, Defendant's Motions to Dismiss, which challenge Counts One through Five, Seven, Thirteen, and forfeiture Counts Nineteen, Twenty One and Twenty Two of the Second Superseding Indictment, namely, Documents 544, 557, 559, 563, 565, 567, 569, 570, 574, 575, and 578, are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of April, 2011.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
Senior United States District Judge