UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | :<br>:<br>: |
| v. | :    File No. 1:03-cr-35-jgm-1<br>: |
| ANDREW CAPOCCIA,<br>        Defendant. | :<br>: |

### ORDER FOR DISTRIBUTION
### OF PROCEEDS AND SUBSTITUTE ASSETS

WHEREAS, in Counts 19-23 and 25-30 of the Second Superseding Indictment in the above-captioned case, the United States sought forfeiture of specific property of the above-captioned defendant pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, 1956, 1957, 1961, 2314 and 28 U.S.C. § 2461(c) as property constituting or derived from any proceeds traceable to violations of 18 U.S.C. §§ 1341, 1343, 1956(a)(1)(A) and (a)(1)(B), 2314, and 2315;

AND WHEREAS, on April 5, 2005, Andrew Capoccia was found guilty of Counts 1-5, 7, and 9-15 of the Second Superseding Indictment;[1]

AND WHEREAS, in December 2005, the bankruptcy trustee for <u>In Re: Daly & Sinnott Law Centers PLLC</u>, Docket No. 01-10011, tendered $975,695.16 to the Clerk of the Court that was invested in the Court's CRIS system. As of January 18, 2012, there is a balance of $1,074.039.59;

AND WHEREAS, this Court entered a Preliminary Order of Forfeiture on February 2, 2006, declaring that pursuant to 18 U.S.C. §§ 2, 981(a)(1)(C), 982, 1956, 1957, 1961, 2314, 21 U.S.C. §

---

[1] The United States has since then dismissed Counts 14 and 15. *See United States v. Capoccia*, No. 1:03-CR-35, Govt. Resp. Mem. (Paper 525) at 1, n.1 (D.Vt. filed Jan. 12, 2009).

853, and 28 U.S.C. § 2461(c), the United States was entitled to a money judgment in the amount of $6,247,581 and forfeiture of the seized assets consisting of the following:

(a) Contents in Account No. 059-644190-69, in the name of or for the benefit of Carol Capoccia, LLC, at Prudential Securities;

(b) Contents in Account No. TBJ967131E6, in the name of or for the benefit of Valentino Enterprises, Inc., at Prudential Securities;

(c) Contents in Account No. 35-740-093, in the name of or for the benefit of Carol Capoccia, LLC, at Wachovia Bank;

(d) Contents in Account No. 325450051868, in the name of or for the benefit of Carol Capoccia, LLC, at Key Bank;

(e) Contents in Account No. 325490036895, in the name of or for the benefit of Eugene A. Bizzarro and/or Deana Bizzarro Karam, at Key Bank;

(f) Contents in Account No. 0417003221519, in the name of or for the benefit of Carol Capoccia, at SunTrust Bank;

(g) Contents in E-Trade Account No. 1091-1898, in the name of or for the benefit of Eugene A. Bizzarro, at E-Trade Securities, Inc.;

(h) Jewelry, a Beaded Compact, a Silver Plated Travel Photo Album, and 6 Waterford Lismore Brandy Balloons;

(i) Improvements, in the Minimum Amount of $75,000, to 56 Bentwood Drive East, Guilderland, New York;

(j) U.S. Funds in the Amount of $50,000, in the Possession or Control of Eugene A. Bizzarro;

(k) Contents in Account No. 52164, in the name of or for the benefit of Carlo Spano, at State Employee's Federal Credit Union; and

(l) Contents in PNC Account No. 8019327712, the operating account for Debt Settlement Associates;

AND WHEREAS, on February 3, 2006, Andrew Capoccia was sentenced and on February 6, 2006, a Judgment was entered against Andrew Capoccia with restitution in the amount of $7,256,433.60;

AND WHEREAS, on February 6, 2006, Andrew Capoccia filed an appeal of the Preliminary Order of Forfeiture;

AND WHEREAS, on February 10, 2006, Andrew Capoccia filed an appeal of his conviction and sentence;

AND WHEREAS, on May 4, 2006, this Court entered an Order of Restitution in the amount of $7,256,433.60;

AND WHEREAS, on May 10, 2006, Andrew Capoccia filed an appeal of Order of Restitution;

AND WHEREAS, on August 15, 2006, this Court entered a Final Order of Forfeiture;

AND WHEREAS, on September 19, 2007, in a Summary Order, the Second Circuit Court of Appeals affirmed in part, vacated in part, and remanded for further proceedings this Court's Preliminary Order of Forfeiture in Docket No. 06-0669-cr;

AND WHEREAS, on September 19, 2007, in a Summary Order, the Second Circuit Court of Appeals affirmed the judgment of conviction of Andrew Capoccia and found the remaining claims regarding dismissal of the indictment, motion for new trial, and the May 4, 2006 Restitution Order to be without merit in Docket Nos. 06-0670-cr and 06-2296-cr;

AND WHEREAS, on July 29, 2009, a hearing was held with regard to the remanded forfeiture issues;

AND WHEREAS, on August 19, 2009, this Court entered an Amended Preliminary Order of Forfeiture, declaring that pursuant to 18 U.S.C. §§ 2, 981(a)(1)(C), 982, 1956, 1957, 1961, 2314, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), the United States was entitled to a money judgment in the amount of $6,178,840 and forfeiture of all the seized assets (with an offset for their value against the money judgment), with all the seized assets being forfeitable either directly or as substitute assets under 21 U.S.C. § 853(p);

AND WHEREAS, on August 25, 2009, Andrew Capoccia appealed the Amended Preliminary Order of Forfeiture;

AND WHEREAS, on March 2, 2010, Carol Anne De Chiro f/k/a Carol Capoccia filed a Petition for Ancillary Hearing;

AND WHEREAS, on April 29, 2010, this Court issued a Ruling on Government's Motion to Dismiss Petition of Carol Anne De Chiro f/k/a Carol Capoccia striking the Petition based on judicial estoppel and lack of statutory standing;

AND WHEREAS, on December 7, 2010, in a Summary Order, the Second Circuit Court of Appeals affirmed this Court's Amended Preliminary Order of Forfeiture in Docket No. 08-5843-cr (L);

AND WHEREAS, on January 6, 2011, Valentino Enterprises, Inc. and Carol Capoccia LLC filed a Petition for Ancillary Proceeding;

AND WHEREAS, on May 19, 2011, this Court entered an order granting the Government's Motion to Dismiss the petition of Valentino Enterprises, Inc., and Carol Capoccia, LLC for an Ancillary Proceeding as untimely;

AND WHEREAS, on September 19, 2011, the Government filed a Motion to Transfer Money to the Court for Restitution held by Raymond James & Associates;

AND WHEREAS, on September 28, 2011, this Court granted the Government's Motion to Transfer Money to Court for Restitution, and $13,509.98 was received by the Clerk of the Court in November 2011;

AND WHEREAS, on October 4, 2011, Andrew Capoccia was re-sentenced and ordered to pay restitution in the amount of $7,256,445.60 and forfeit the proceeds and substitute assets;

AND WHEREAS, on October 12, 2011, this Court entered an Amended Final order of Forfeiture declaring that pursuant to 18 U.S.C. §§ 2, 981(a)(1)(C), 982, 1956, 1957, 1961, 2314, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), the United States was entitled to possession of the Proceeds and the Substitute Assets.

AND WHEREAS, in U.S. v. Stephanie Gardner, Criminal No. 1:01-CR-100, Final Orders of Forfeiture were entered on May 15, 2007 and June 9, 2010, for assets totaling $53,670.61;

AND WHEREAS, in U.S. v. Howard Sinnott, Criminal No. 1:03-CR-35-2, Final Orders of Forfeiture were entered on April 20, 2005 and July 14, 2006, for assets totaling $10,229.24;

AND WHEREAS, restitution payments have been made by defendants Kolsky, Sinnott, Daly, and Dinatale, as well as by Stephanie Gardner, U.S. v. Stephanie Gardner, Criminal No. 1:01-CR-100, and Jerry Forkey, U.S. v. Forkey, Criminal No. 1:02-CR-58, for a total of $140,532.32 as of January 18, 2012;

AND WHEREAS, the Department of Justice is considering a request for restoration, whereby all forfeited assets would be transferred to the Court to be made available to the victims of the

defendant's crimes, along with the funds already deposited, including restitution payments and the funds transferred from the Bankruptcy Court.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. As soon as the Court receives all forfeited assets from the Department of Justice, the Clerk of the Court shall start the process of distributing all assets available to the victims, pursuant to the Restitution Order.

2. This Court shall retain jurisdiction over this action to enforce this agreement and take such other action as may be necessary.

Dated at Brattleboro, in the District of Vermont, this 3rd day of February, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge